UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| SHANE K. ENSLIN, *on behalf of himself and all others similarly situated*, | : |
| | : |
| Plaintiff, | : |
| v. | : No. 2:14-cv-06476 |
| | : |
| THE COCA-COLA COMPANY; | : |
| COCA-COLA REFRESHMENTS USA, INC.; | : |
| KEYSTONE COCA-COLA AND BOTTLING | : |
| AND DISTRIBUTION CORPORATION; | : |
| KEYSTONE COCA-COLA BOTTLING CO.; | : |
| KEYSTONE COCA-COLA BOTTLING COMPANY, INC.; | : |
| KEYSTONE COCA-COLA BOTTLING CORPORATION; | : |
| THOMAS WILLIAM ROGERS, III; | : |
| DOE DEFENDANTS 1-50; | : |
| ABC CORPORATIONS 1-50; and | : |
| XYZ PARTNERSHIPS AND ASSOCIATIONS, | : |
| | : |
| Defendants. | : |

_____

# O R D E R

And now, this 31st day of March, 2017, for the reasons set forth in the accompanying Opinion issued this day, it is **ORDERED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 168, is **DENIED**.

2. Defendants' The Coca-Cola Company, Coca-Cola Refreshments USA, Inc., Keystone Coca-Cola and Bottling And Distribution Corporation, Keystone Coca-Cola Bottling Co., Keystone Coca-Cola Bottling Company, Inc., and Keystone Coca-Cola Bottling Corporation's Motion to Dismiss for Lack of Subject Matter Jurisdiction or for Summary Judgment, ECF No. 170, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    (a) The motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

    (b) The motion for summary judgment is **GRANTED**.

3. Plaintiff's Motion for Class Certification, ECF No. 125, is **DENIED** as moot.

1

4. Plaintiff's Motion for Leave to Amend Class Action Complaint, ECF No. 127, is **DENIED**.

5. Defendants' Motion to Strike Plaintiff's Expert Report, ECF No. 149, is **DENIED** as moot.

6. **JUDGMENT IS ENTERED** in favor of The Coca-Cola Company, Coca-Cola Refreshments USA, Inc., Keystone Coca-Cola and Bottling and Distribution Corporation, Keystone Coca-Cola Bottling Co., Keystone Coca-Cola Bottling Company, Inc., and Keystone Coca-Cola Bottling Corporation, and against Plaintiff.

7. Doe Defendants 1-50, ABC Corporations 1-50, and XYZ Partnerships and Associations are **DISMISSED**. The Clerk of Court is directed to terminate these parties.[1]

8. No later than **April 17, 2017**, Plaintiff shall file a status report concerning the effect of this Order on his claims against Defendant Thomas William Rogers, III, who is currently in default. *See* ECF No. 37.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] *See Blakeslee v. Clinton Cty.*, 336 F. App'x 248, 250 (3d Cir. 2009) ("Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified. If reasonable discovery does not unveil the proper identities, however, the John Doe defendants must be dismissed." (citation omitted)).